Jones, J.
The real question on this appeal is whether the Legislature may constitutionally authorize administrative rather than judicial adjudication of traffic infractions and as an incident thereto establish “ clear and convincing evidence ” as the required quantum of proof for a determination of guilt where such determination may result in the imposition of a fine but not imprisonment. We conclude that it may do so.
By chapter 1074 of the Laws of 1969 the Legislature enacted article 2-A of the Vehicle and Traffic Law, authorizing administrative adjudication of traffic infractions in cities of over one million population.* An explicit restriction was imposed that *272 “no penalty * * * shall include imprisonment ” (§ 227, subd. 3). The Legislature also discontinued treating such infractions as misdemeanors for procedural purposes (Vehicle and Traffic Law, § 155; L. 1969, ch. 1075, § 1).
Subdivision 1 of section 227 of the new article 2-A, the foreground target in the present proceeding, provides: “ The burden of proof shall be upon the people, and no charge may be established except by clear and convincing evidence ”.
Petitioner here was found guilty of speeding (Vehicle and Traffic Law, § 1180, subd. [a]) before a Department of Motor Vehicles hearing officer sitting pursuant to the provisions of article 2-A and a fine of $15 was imposed. The determination of the hearing officer was affirmed on administrative review under section 228 of the Vehicle and Traffic Law by the Appeals Board of the Administrative Adjudication Bureau of the City of New York. Petitioner then instituted the present article 78 (CPLR) proceeding. Special Term annulled the administrative determination on the ground that petitioner was unconstitutionally denied due process of law in that the quantum of proof required for the determination of his guilt was only “clear and convincing evidence ” rather than “ beyond a reasonable doubt ” (71 Misc 2d 264, 265). Respondents appeal directly to our court as a matter of right, on constitutional grounds, pursuant to CPLR 5601 (subd. [b], par. 2).
Although petitioner would focus his claims of unconstitutionality on the quantum-of-proof provision of section 227 of the Vehicle and Traffic Law, the issue before us should be framed more broadly. The correct perspective in which to review petitioner’s position and to adjudge his rights is consideration of the constitutionality of the substitution in the adjudication of traffic infractions of an administrative agency and administrative procedures for courts of criminal jurisdiction and judicial procedures. If such substitution is permissible where conviction can result only in the imposition of fines with no imprisonment, in our view that conclusion carries with it recognition of the propriety of .the use of the procedural apparatus of administrative proceedings, including specifically here an administrative' rather than a judicial standard of proof.
In our view the transfer of cognizance of traffic infractions to, the jurisdiction of an administrative agency was clearly *273 authorized. The volume of traffic on our highways and the congestion in our criminal courts are both facts of such magnitude today as to require no demonstration. The legislative declaration which accompanied the 1969 enactment is pointed : “ Statement of findings and purpose. The legislature hereby finds that the incidence of crime in the larger cities of this state has placed an overwhelming burden upon the criminal courts thereof. This burden, when coupled with the responsibility for adjudicating such non-criminal offenses as traffic infractions, has resulted in a situation in which the prompt and judicious handling of cases becomes virtually impossible. Despite the efforts of all concerned, this situation has often resulted in the lengthy incarceration of defendants before trial, and the inability to grant a trial date for periods of up to one year, and longer. Because the injustices resulting from the present system cannot be corrected unless the workload of the criminal courts is substantially reduced, the legislature finds that it is necessary .and desirable to establish a system for the administrative adjudication of traffic infractions in cities having a population of one million or more. Such a system will not only contribute to the more judicious disposition of criminal matters, by reducing the overwhelming workload of the criminal courts, but will also provide for the speedy and equitable disposition of charges which allege moving traffic violations.” (L. 1969, ch. 107á, § 1.)
The wisdom of legislative enactment is a matter for the determination of the Legislature and not the courts (Matter of Gormeley v. New York Daily News, 30 A D 2d 16, 20, affd. 24 N Y 2d 867; see 9 N. Y. Jur., Constitutional Law, § 295). And the Legislature is presumed to have investigated the need for the particular legislation (Matter of Van Berkel v. Power, 16 N Y 2d 37,40).
Judicial inquiry is not, of course, thereby foreclosed as to the constitutionality of any individual enactment, although strong presumptions of constitutionality attach to any action of the Legislature. (People v. Pagnotta, 25 N Y 2d 333, 337; Matter of Van Berkel v. Power, supra.)
We conclude that there is no substance to petitioner’s contention that he was denied due process of law in the use of the ‘ ‘ clear and convincing evidence ’ ’ standard of proof in the *274 administrative adjudication of his speeding infraction. Civil fines and penalties are routinely imposed by administrative action where the predicate therefor has been found on lesser standards than guilt beyond a reasonable doubt (Matter of Old Republic Life Ins. Co. v. Thacher, 12 N Y 2d 48, 56; Matter of London Sporting Club v. Helfand, 3 Misc 2d 431, 436-437, affd. 6 A D 2d 775; cf. Alcoholic Beverage Control Law, § 112). In administrative proceedings with respect to the discipline of public employees, an area of much greater potential deprivation to the individual than traffic infractions, the statute provides only that “ [t]he burden of proving incompeteney or misconduct shall be upon the person alleging the same ” (Civil Service Law, § 75, subd. 2). Standards of proof are derived from the criteria which are applied on review of the administrative determinations — “ substantial evidence” to support a finding of guilt; “ arbitrary and capricious ” to set aside the imposition of penalties (Matter of Pell v. Board of Educ., 34 N Y 2d 222).
There was no constitutional infirmity in the transfer of cognizance of traffic infractions to an administrative agency. Nor was there any denial of due process when, as an appropriate incident thereto, “ clear and convincing evidence ” was fixed as the standard of proof for determinations which could not result in imprisonment.
Supreme 'Court did not reach petitioner’s claim that he was denied equal protection of the law. There is no substance, however, to such a contention. Equal protection does not require territorial uniformity of law within a State (Salsburg v. Maryland, 346 U. S. 545 [rules of evidence in prosecutions for gambling offenses]; Missouri v. Lewis, 101 U. S. 22 [access to appellate courts]). We have upheld the constitutionality of a law which limited jury trial in New York City to crimes punishable iby more than one year in prison, while those persons outside New York City .received jury trials when charged with misdemeanors (Matter of Hogan v. Rosenberg, 24 N Y 2d 207, revd. on other grounds sub nom. Baldwin v. New York, 399 U. S. 66; cf. People v. Felberbaum, 9 N Y 2d 213, 215.)
The order and judgment of Supreme Court should accordingly be reversed, the administrative determination of petitioner’s *275 guilt and the imposition of the fine be reinstated, and the article 78 proceeding be dismissed.

 By section 2 of chapter 359 of the Laws of 1972 the population floor was lowered to 275,000.