Cooke, J. (dissenting).
I dissent and vote to affirm the order of the County Court on the ground that defendant was not given notice of the charge upon which he was convicted.
It is a rudimentary element of due process of law, forcefully embodied in our State Constitution, that "in any trial in any court whatever the party accused shall * * * be informed of the nature and cause of the accusation” (NY Const., art I, § 6). Notwithstanding the somewhat peculiar status traffic violations have within our criminal justice system (see Matter of Rosenthal v Hartnett, 36 NY2d 269), a law or procedure, based upon whatever reason, be it convenience or expedience, that conflicts with this constitutional mandate, must fall.
As defined by CPL 100.10, a simplified traffic information "is a written accusation by a police officer * * * which charges a person with the commission of one or more traffic infractions and/or misdemeanors relating to traffic, and which * * * designates the offense or offenses charged” (see Practice Commentary, McKinney’s Cons. Laws of NY, Book 11 A, CPL 100.25, p 398).
The simplified traffic information utilized in this case clearly put defendant on notice that he was charged with a violation of subdivision 3 of section 1192 of the Vehicle and *395 Traffic Law. It did not give express or implied notice therein of a charge under any other section or subdivision. It did not provide a warning to defendant that a person charged under subdivision 3 of section 1192 can be alternatively convicted under the other two subdivisions of said section, without being formally charged therewith, despite the fact that they are separate and distinct offenses. It is only if a defendant comes upon section 1196 that he will be made aware of this peculiarity in the statutory scheme.
In neither of the opinions to reverse is it contended that section 1196, in and of itself, supplies adequate notice to a defendant. In the Per Curiam opinion it is conceded that the offenses listed in said section 1192 are separate and distinct. It is reasoned there, however, that each is but a species of an overall generic offense. Such a characterization, however, fails to compel or yield a construction that being charged with one of the subdivisions in section 1192 "perforce” gives notice to a defendant that he is, in reality, being charged with any or all of the three. An analogy is not to be made between these distinct independent offenses and categories of offenses deemed to be lesser included.
It is conceded in the concurring opinion that the "mere existence [of 1196] on the statute books” does not provide a valid substitute for notice of the crime charged. It is urged, nevertheless, that the theory upon which the trial was conducted was sufficient to bring the requisite notice home to defendant. In answer, the most minimal of due process dictates, mandating adequate notice, requires more than waiting until the very inception of trial before a defendant can truly ascertain the charges upon which he is being held accountable.
It is concluded, therefore, that defendant was not adequately notified of the charge upon which he was convicted and the decision of the County Court should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli and Jones concur in Per Curiam opinion; Judge Fuchsberg concurs in a separate opinion in which Judge Wachtler concurs; Judge Cooke dissents and votes to affirm in another opinion.
Order reversed and case remitted to Broome County Court for further proceedings in accordance with the opinion herein.