In the Matter of PETER C. SULLI, JR., Petitioner, v APPEALS BOARD OF THE ADMINISTRATIVE ADJUDICATION BUREAU et al., Respondents.

Fourth Department, January 21, 1977

*Peter C. Sulli, Sr.,* for petitioner.

*Louis J. Lefkowitz, Attorney-General (William Goldman* of counsel), for respondents.

MARSH, P. J. In this CPLR article 78 proceeding petitioner alleges that a hearing was held on September 29, 1975 before the Administrative Adjudication Bureau in Rochester to consider a charge of speeding in violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law against petitioner. The charge was sustained and petitioner appealed to the Adjudication Appeals Board pursuant to the provisions of article 2-A of the Vehicle and Traffic Law, which Adjudication Appeals Board confirmed the decision of the Administrative Adjudication Bureau.

The petition asserts as grounds for annulment of the determination that:

1. The Administrative Adjudication Bureau had no jurisdiction in the City of Rochester over traffic infractions as its population had fallen at the time of the issuance of the uniform traffic summons below the threshold figure of 275,000 persons required by subdivision 1 of section 225 of the Vehicle and Traffic Law.

2. The summons was not dismissed for failure to provide a deposition pursuant to CPL 100.25.

3. There was not a proper foundation for admission of the arresting officer's testimony with respect to petitioner's speed due to the lack of an adequate showing that the speedometer was properly calibrated and an inadequate qualification of the officer to testify as to his estimate.

4. The clear and convincing evidence rule of subdivision 1 of section 227 of the Vehicle and Traffic Law effects a denial of due process.

Section 225 of the Vehicle and Traffic Law provides: "1.

Notwithstanding any inconsistent provision of law, all violations of this chapter or of a local law, ordinance, order, rule or regulation relating to traffic, except parking, standing, stopping or pedestrian offences, which occur within a city having a population of two hundred seventy-five thousand or more * * * and which are classified as traffic infractions, may be heard and determined pursuant to the regulations of the commissioner as provided in this article."

The 19th census of the United States conducted by the United States Department of Commerce, Bureau of Census, sets the official count in the City of Rochester at 295,011 as of April 1, 1970. Section 37-b of the General Construction Law provides: "1. The term population when used in relation to this state, or a municipality or other subdivision thereof, or a portion of such a municipality or subdivision, shall, unless otherwise provided in relation to such use, mean population as shown by the latest federal census published as a final population count by the United States bureau of the census."

In accordance with the General Construction Law the application of article 2-A of the Vehicle and Traffic Law to the City of Rochester with respect to the population threshold is to be determined based upon the last official census by the United States Bureau of the Census, hence article 2-A is properly applicable to the City of Rochester.

Petitioner challenges the refusal by the complaining officer to provide a deposition. The Director of the Administrative Adjudication Bureau issued a memorandum stating that, "It will be the policy of this department that refusal of the police to furnish a supporting deposition or bill of particulars in a hearing on an alleged traffic infraction in the Administrative Adjudication Bureau is not, in and of itself, a basis for a referee to dismiss the charge." Petitioner argues that the Criminal Procedure Law applies with respect to the duty of the police to provide a supporting deposition. In the instant case although a deposition was on file with Lieutenant Bastian, the arresting officer's superior, its production was refused by Lieutenant Bastian and petitioner's counsel's motion before the referee to dismiss upon the failure to supply a supporting deposition was denied.

Section 225 of the Vehicle and Traffic Law provides that the infraction: "1. * * * [m]ay be heard and determined pursuant to the regulations of the commissioner as provided in this article."

Subdivision 3 of section 225 provides: "The commissioner shall appoint such hearing officers as shall be necessary to hear and determine cases as provided by this article and may promulgate such regulations as shall be necessary or desirable to effect the purposes of this article."

Section 227 provides: "1. Every hearing for the adjudication of a traffic infraction, as provided by this article, shall be held before a hearing officer appointed by the commissioner. The burden of proof shall be upon the people, and no charge may be established except by clear and convincing evidence. The commissioner may prescribe, by rule or regulation, the procedures for the conduct of such hearings."

The Commissioner of Motor Vehicles prescribed the rules and regulations for the conduct of hearings pursuant to article 2-A of the Vehicle and Traffic Law (15 NYCRR Parts 121-126). Nowhere in parts 121 through 126 does the commissioner provide for the application of the Criminal Procedure Law. It is specifically provided in section 124.5 thereof, "Rules of Evidence (a). The rules governing the receipt of evidence in a court of law shall not apply in hearings of the bureau, except as provided in this section." The Court of Appeals has held in *Matter of Rosenthal v Hartnett* (36 NY2d 269) that it was constitutionally permissible to substitute an administrative adjudication of traffic infractions where potential imprisonment could not be a part of the penalty.

"The correct perspective in which to review petitioner's position and to adjudge his rights is consideration of the constitutionality of the substitution in the adjudication of traffic infractions of an administrative agency and administrative procedures for courts of criminal jurisdiction and judicial procedures. If such substitution is permissible where conviction can result only in the imposition of fines with no imprisonment, in our view that conclusion carries with it recognition of the propriety of the use of the procedural apparatus of administrative proceedings, including specifically here an administrative rather than a judicial standard of proof." *(Matter of Rosenthal v Hartnett, supra,* p 272.)

It seems clear that article 2-A does not envision the application of procedural requirements with respect to requiring supporting depositions as provided by the Criminal Procedure Law.

Petitioner's attack upon the constitutionality of article 2-A

and specifically subdivision 1 of section 227 of the Vehicle and Traffic Law, with respect to the burden of proof, has been decided by the Court of Appeals in *Matter of Rosenthal v Hartnett.*

"We conclude that there is no substance to petitioner's contention that he was denied due process of law in the use of the 'clear and convincing evidence' standard of proof in the administrative adjudication of his speeding infraction. Civil fines and penalties are routinely imposed by administrative action where the predicate thereof has been found on lesser standards than guilt beyond a reasonable doubt * * * In administrative proceedings with respect to the discipline of public employees, an area of much greater potential deprivation to the individual than traffic infractions, the statute provides only that '[t]he burden of proving incompetency or misconduct shall be upon the person alleging the same' * * *

"There was no constitutional infirmity in the transfer of cognizance of traffic infractions to an administrative agency. Nor was there any denial of due process when, as an appropriate incident thereto, 'clear and convincing evidence' was fixed as the standard of proof for determinations which could not result in imprisonment." *(Matter of Rosenthal v Hartnett, supra,* pp 273-274.)

The arresting officer testified that he observed petitioner on Lake Avenue proceeding at a high rate of speed. He followed him and clocked him at 80 miles per hour for 4/10 of a mile. He introduced a speed deviation record with respect to the accuracy of his speedometer which indicated the speedometer had been checked within a five-mile accuracy two months previous to the issuance of the summons to petitioner. The maximum speed limit on Lake Avenue is 35 miles per hour. The officer also testified that he had estimated speeds on numerous occasions over a five-year period and had checked speed estimates against the readings of calibrated instruments, and his speed estimates had been within five miles of the calibrated readings. The rules of evidence applicable to courts do not have application to article 2-A proceedings. However, the officer's estimate that defendant was exceeding the 35 mile per hour speed limit by 45 miles per hour was sufficient, unaided by mechanical devices, to establish that defendant was exceeding the speed limit under the reasonable doubt test applicable to court determinations *(People v Olsen,* 22 NY2d 230).

The determination of the Adjudication Appeals Board should be confirmed.

MOULE, DILLON, GOLDMAN and WITMER, JJ., concur.

Determination unanimously confirmed without costs.