■ In the Matter of LIONEL L. FILSAIME, Appellant, v JAMES P. MELTON, as Commissioner of the Department of Motor Vehicles of the State of New York, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination which, after a hearing, found petitioner guilty of having violated subdivision (b) of section 1180 of the Vehicle and Traffic Law and revoked his driver's license, petitioner appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered June 12, 1981, which dismissed the petition. Judgment affirmed, without costs or disbursements. Petitioner, after a hearing before the Administrative Adjudication Bureau, was found to have exceeded the maximum speed limit in violation of subdivision (b) of section 1180 of the Vehicle and Traffic Law. Because this conviction constituted the third speeding violation committed within a period of 18 months, his driver's license was revoked pursuant to section 510 (subd 2, par a, cl [iv]) of the Vehicle and Traffic Law. Petitioner's contention, *inter alia,* that application of the clear and convincing evidence rule (see Vehicle and Traffic

Law, § 227, subd 1) in administrative adjudicative hearings is constitutionally impermissible where a guilty finding results in the mandatory revocation of his driver's license pursuant to section 510 (subd 2, par a, cl [iv]) of the Vehicle and Traffic Law, is without merit (cf. *Matter of Rosenthal v Hartnett,* 36 NY2d 269; *Matter of Sulli v Appeals Bd. of Administrative Adjudication Bur.,* 55 AD2d 457; 15 NYCRR 124.7). Additionally, we note that there is substantial evidence in the record to support the determination under review (cf. *Matter of McKenzie v Fisher,* 39 NY2d 103). Thompson, J. P., Brown, Rubin and Boyers, JJ., concur.