■ In the Matter of PETER G. GRAF, Petitioner, v LESLIE G. FOSCHIO, as Commissioner of the New York State Department of Motor Vehicles, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the State of New York Department of Motor Vehicles, dated May 16, 1983, which revoked petitioner's driver's license for violating section 1180 (subd [b]) of the Vehicle and Traffic Law. ¶ Determination confirmed and proceeding dismissed on the merits, with costs. ¶ Review of the record establishes that respondents sustained their burden of proving by "clear and convincing evidence" (Vehicle and Traffic Law, § 227, subd 1), that petitioner had violated subdivision (b) of section 1180 of the Vehicle and Traffic Law by operating a vehicle at 64 miles per hour in an area posted with a 50 mile per hour limit. The arresting officer sufficiently established the accuracy of the radar device by using a tuning fork and internal calibration tests at the beginning and end of his tour of duty (see *Matter of Lovenheim v Foschio*, 93

AD2d 986; *People v Maniscalco,* 94 Misc 2d 915; *People v Lynch,* 61 Misc 2d 117; *People v Stephens,* 52 Misc 2d 1070; Ann., 47 ALR3d 822). To the extent *People v Perlman* (89 Misc 2d 973) may be to the contrary, it is disapproved. In addition, the police officer's estimate that petitioner's vehicle was traveling at 65 miles per hour, was in and of itself sufficient to sustain the charge (*People v Olsen,* 22 NY2d 230; see, also, *People v Dusing,* 5 NY2d 1265; *People v Magri,* 3 NY2d 562; *People v Heyser,* 2 NY2d 390). ¶ Petitioner's challenge to the utilization of a clear and convincing evidence standard also must be rejected. It has been consistently held that utilization of such a standard does not operate to deny due process (*Matter of Rosenthal v Hartnett,* 36 NY2d 269; *Matter of Filsaime v Melton,* 89 AD2d 604; *Beck v Melton,* 54 AD2d 919). Titone, J. P., Lazer, Mangano and O'Connor, JJ., concur.