Kaye, J.
(dissenting). In a license revocation proceeding, a hearing was scheduled to take place on December 14, 1984 before an Administrative Law Judge (AU) to determine whether the arresting officer had reasonable grounds to believe that petitioner was operating a motor vehicle in violation of Vehicle and Traffic Law § 1192, and whether he actually refused to submit to a chemical test to determine blood alcohol content (Vehicle and Traffic Law § 1194). Without excuse or explanation, the officer made no appearance. The AU denied petitioner’s dismissal motion and adjourned the proceeding without date. Petitioner was then summoned to appear for the adjourned hearing on August 15, 1985. Again the officer without excuse or explanation failed to appear, again petitioner’s motion to dismiss was denied, and again the AU adjourned the proceeding. However, the AU announced, and noted on his disposition sheet, that the ap *744 pear anee of the arresting officer would be required. But on the next adjourned hearing date — September 24, 1985 — the officer again failed to appear without excuse or explanation. Petitioner’s motion to dismiss again was denied. This time, however, the ALJ proceeded to open the hearing and introduce into evidence, on his own motion and over petitioner’s objection, the report of refusal to submit to chemical test — a one-page, undated, preprinted form apparently completed by the arresting officer. The form set forth the alleged "reasonable grounds” of the indicated charges and that, after appropriate warning, petitioner had refused to submit to a breath test for alcohol. The AU then adopted as his findings all of the allegations of the report, and he ordered petitioner’s license revoked.
The court now overturns the Appellate Division’s eminently sensible conclusion that petitioner’s rights were violated. I cannot agree that reversal is warranted, either on these particular facts or on the broader underlying principle, and therefore respectfully dissent.
The various hearing adjournments on account of the police officer’s absence, on this record, plainly resulted in more than mere "inconvenience”. (Majority mem, at 743.) As the Appellate Division recognized, petitioner "suffered a serious loss without any opportunity to confront or cross-examine his accusers and without any showing of an undue burden on the State to produce the arresting officer or of good cause to dispense with the need for confrontation.” (132 AD2d 943, 944.) In light of the course of conduct here, it was improper and unfair for the AU, after the officer’s third unexplained nonappearance, simply to admit the report and render a decision, without affording petitioner an opportunity to subpoena the officer.
That the rules of procedure and evidence may be relaxed in administrative proceedings should not mean that we will countenance a course of conduct by the State that blindsides its citizens. If the State is to have the benefit of less rigorous rules, it ought not to be heard to rely on technical arguments about petitioner’s hypothetical ability to subpoena the officer. It is obvious that both petitioner and the AU reasonably believed that it was the officer’s duty to appear to testify about the arrest he had made, and they both expected him to do so. I would therefore affirm the Appellate Division order on the narrow ground presented by the facts of this case, and go no further.
*745 But I have a more profound disagreement with the court’s broad holding, which has real consequence in motor vehicle license suspension and revocation proceedings. No one could question the importance of the privilege to drive in today’s society (see, Matter of Rosenthal v Hartnett, 36 NY2d 269, 275 [Wachtler, J., dissenting]).
It is plain from the documents in this record that the Department of Motor Vehicles expects the arresting officer to be present at its administrative hearings in order to substantiate the written report and represent the State in prosecuting the case, thus permitting the AU to act as impartial arbiter. The notice of temporary suspension, for example, in bold type, notifies both the motorist and the arresting officer "that you are required to appear in person for a hearing * * * Officer should bring this notice to hearing.” The other forms in the record similarly support this administrative scheme, which is further confirmed by the July 1980 Report of the New York State Bar Association Task Force on Administrative Adjudication (id., at 25). After the majority’s acceptance of the unsubstantiated police officer’s report as sole support for revocation of petitioner’s license — even on this factual record of unfairness arising out of the repeated adjournments — obviously it is no longer necessary for the police officer to appear in such proceedings in order for the State to establish its case. The ALJ can act both as prosecutor and Judge in every case.
The State’s insistence that petitioner had an opportunity to subpoena the officer under State Administrative Procedure Act § 304 (2), and should therefore suffer the consequences of his own failure to do so, ignores the even more fundamental proposition that it is the State’s burden to prove its case against petitioner. While convenience and speed are valuable concomitants of administrative adjudications, there is a limit to even these virtues.
The Appellate Division was right both in fact and in principle, and I therefore would affirm its order.
Judges Simons, Alexander, Titone and Bellacosa concur in memorandum; Judge Kaye dissents and votes to affirm in an opinion in which Chief Judge Wachtler and Judge Hancock, Jr., concur.
Judgment reversed, etc.