■ In the Matter of Keith Todd, Petitioner, v Joseph A. Grosso, Respondent. [715 NYS2d 159] —Proceeding pursuant to CPLR article 78, in the nature of mandamus, in effect, to vacate the respondent's denial of the petitioner's motion to dismiss a criminal action pending against him under Queens County Indictment No. 2420/99, and application for poor person relief.

Ordered that the application for poor person relief is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (see, Matter of Legal Aid Socy. v Scheinman, 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought. Ritter, J. P., Santucci, H. Miller and Feuerstein, JJ., concur.

■ In the Matter of Stephen F. Wahl, Appellant, v Richard E. Jackson, Jr., as Commissioner of the Department of Motor Vehicles of the State of New York, et al., Respondents. [715 NYS2d 160] —In a proceeding pursuant to CPLR article 78 to compel dismissal of ticket number OA57862420, charging the petitioner with speeding, on the ground that the complainant officer failed to provide a supporting deposition pursuant to CPL 100.25 (2), the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Catterson, J.), dated January 4, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs, and the stay of proceedings relating to the prosecution of ticket number OA57862420 is vacated forthwith.

The procedural requirements of CPL 100.25 (2) are inapplicable to the prosecution by the Traffic Violations Division of the Department of Motor Vehicles of the petitioner for speeding (see, Matter of Miller v Schwartz, 128 AD2d 783, affd 72 NY2d 869; Matter of Sulli v Appeals Bd., 55 AD2d 457). The petitioner's remaining contentions are without merit (see, Matter of Rosenthal v Hartnett, 36 NY2d 269, 274). Ritter, J. P., Santucci, Goldstein and Feuerstein, JJ., concur.