■ In the Matter of ANTONIOS STAMOS, Petitioner, v AP-PEALS BOARD OF THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [765 NYS2d 342] —Determination of respondent Appeals Board of the New York State Department of Motor Vehicles, dated October 3, 2002, which sustained the administrative law judge's determination convicting petitioner of four violations of the New York State Vehicle and Traffic Law, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, Bronx County [Anne Targum, J.], entered on or about March 31, 2003), dismissed, with costs.

There was substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]) to support the challenged administrative determination. The testimony of the police officer who stopped petitioner for speeding, as to his training and qualifications in estimating motor vehicle speeds, and his independent estimation of the speed at which petitioner was driving just prior to the stop, was sufficient to support petitioner's speeding conviction (*see People v Olsen*, 22 NY2d 230, 231-232 [1968]; *Henig v State of N.Y. Dept. of Motor Vehs.*, 122 AD2d 250 [1986]), and petitioner's admissions that he had improper plates affixed to his vehicle and that he failed to produce proof of insurance or registration corresponding to the plates on his vehicle were sufficient to support his convictions for driving an uninsured and unregistered vehicle and for having improper plates affixed to his vehicle. That petitioner may have had an insured and registered transporter plate on the rear windshield is not a defense.

Finally, petitioner's contentions that he is, in the context of administrative proceedings respecting alleged traffic infractions pursuant to Vehicle and Traffic Law article 2-A, entitled to rely upon Criminal Procedure Law provisions providing for notice of a defendant's right to a supporting deposition and a

speedy trial, are without merit (*see Matter of Steiger v Wozniak*, 72 AD2d 944, 944 [1979]; *Matter of Sulli v Appeals Bd. of Admin. Adjudication Bur.*, 55 AD2d 457, 460 [1977]; *People v Zagorsky*, 73 Misc 2d 420, 423 [1973]). Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Friedman, JJ.