Per Curiam.

In each of these cases defendant was convicted in the trial court of a traffic infraction, in one by plea of guilty and in the other two after trial. In each instance trial counsel was assigned. In none of the cases does defendant show the ground for appeal, although represented by counsel at the trial level. All that is urged in each case is that the Appellate Term erred in not assigning counsel at public expense for an appeal stated in the abstract as a right, although no error below is assigned and defendant no longer faces the possibility of imprisonment.
Argersinger v. Hamlin (407 U. S. 25), a case holding, in effect, that there is a constitutional right to counsel at a criminal trial where conviction would lead to a sentence of imprisonment, is inapposite to an appeal of a conviction for a traffic infraction where defendant no longer faces the possibility of imprisonment.
There is no statutory right to the assignment of counsel in traffic infraction prosecutions (County Law, § 722-a; CPL 170.10, subd. 3, par. [c]). And this court has held that the State Constitution does not require assignment of counsel in such prosecutions (People v. Letterio, 16 N Y 2d 307). A fortiori, there would be no right to the assignment of counsel on appeal.
*286 It is not persuasive to extrapolate' equal protection reasoning to such abstract “ rights to appeal ” from convictions for traffic infractions, without any showing of merit or likelihood of merit. This is especially true where the defendant no longer faces any loss of liberty, but is only exposed to adverse ‘ ‘ points ” in the event of future traffic infractions. That a fool in funds is able to pursue a useless or t»vial appeal in a traffic infraction is not a compelling equal protection argument.
An uñcounseled defendant in a criminal case may not be capable of assigning error ; but surely a defendant convicted of a traffic infraetion, who was represented by counsel at the trial level, is hardly in such a position. If perchance he is, that should be shown and addressed to the court’s discretion. It is no general answer that he needs a transcript of the proceedings in traffic matters at public expense before he or his lawyer could suggest the error meriting appeal. The situation is even more ludicrous when the issue is urged, as it is in one of the cases, where defendant had pleaded guilty. ,
Accordingly, the orders of the Appellate Term should be. affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
In each case: Order affirmed.