OPINION OF THE COURT
MEMORANDUM.
Defendant appeals from a judgment convicting her of speeding in violation of section 1180 of the Vehicle and Traffic Law *299 and sentencing her to pay a fine of $35 or, in the alternative, to spend three days in jail. Upon appeal, it is her contention that, inter alia, she was essentially denied her right to the assistance of counsel by the failure of the court below to allow her attorney the opportunity to deliver a summation or make closing arguments.
In Herring v New York (422 US 853, 865), the Supreme Court held that the denial of the right of the defendant therein to be heard, through defense counsel, in summation amounted to a denial of the assistance of counsel as guaranteed by the Constitution. The Herring decision rendered unconstitutional a New York statutory provision stating that, with respect to a trial by indictment, a court sitting without a jury could grant or deny a request to make a summation. The Legislature subsequently amended the invalidated statute, CPL 320.20 (subd 3, par [c]), so as to provide in accord with Herring that a court "must” permit the parties to deliver summations in a trial upon an indictment.
The instant case, however, was tried upon a simplified traffic information, and it is to be noted that with respect to such a trial, a court sitting without a jury still possesses the discretion to allow or disallow summations (CPL 340.10, subd 1; 350.10, subd 3, par [c]). Historically, in New York, traffic infractions have been frequently ranked among those transgressions which admit of summary disposition (People v Letterio, 16 NY2d 307, 312, cert den 384 US 911). This view remains consistent with recent judicial statements that traffic or petty offense cases which do not entail a "real likelihood” or a "practical possibility” of incarceration may not require adherence to exacting standards designed to fully safeguard a defendant’s constitutional rights as do those cases in which a sentence of incarceration may well be imposed (see Argersinger v Hamlin, 407 US 25, 37-39; People v Farinaro, 36 NY2d 283, 285).
In the case at bar, we do not consider the sentence imposed to entail a "real likelihood” or "practical possibility” of imprisonment, especially in view of the availability of statutory remedies to the defendant in the event of her inability to pay the fine (CPL 420.10, subd 4), and, therefore, we affirm.
Concur: Farley, P. J., and Pittoni, J.; Silberman, J. taking no part.