OPINION OF THE COURT
George J. Aspland, J.
Petitioners were cited for violations of the Vehicle and *609 Traffic Law for allegedly exceeding the speed limit. The speeds were claimed to have been measured by a radar speed device. They have pleaded not guilty and hearings in the Administrative Adjudication Bureau of the Department of Motor Vehicles are awaited by them.
Petitioners requested respondent bureau to obtain the filing of supporting depositions of the complaining police officers and to issue subpoenas on behalf of petitioners requiring the production of books, papers, documents and other things by the Suffolk County Police Department, in conjunction with the hearings.
The foregoing requests were denied and this article 78 proceeding in the nature of a mandamus has been brought to compel compliance.
The Administrative Adjudication Bureau was created by chapter 1074 of the Laws of 1969 with the enactment of article 2-a of the Vehicle and Traffic Law.
Subdivision 1 of section 225 of the Vehicle and Traffic Law provides: "all violations of this chapter or of a local law, ordinance, order, rule or regulation relating to traffic * * * and which are classified as traffic infractions, may be heard and determined pursuant to the regulations of the commissioner as provided in this article”, and in subdivision 3 thereof: "The commissioner * * * may promulgate such regulations as shall be necessary or desirable to effect the purposes of this article.”
Pursuant thereto the commissioner’s regulations as to the administrative adjudication of traffic violations are set forth in 15 NYCRR Parts 121-126.
15 NYCRR 123.1 reads: "Pleading generally. The Civil Practice Law and Rules and Criminal Procedure Law are not binding on the bureau. Accordingly, forms of pleadings, motion practice and discovery procedures set forth in those statutes do not apply to any proceedings conducted by this bureau unless specifically authorized by these regulations.”
15 NYCRR 124.5 states that the rules governing receipt of evidence in a court of law shall not apply in hearings except as provided in said section. 15 NYCRR 124.5 does not mention subpoenas or their issuance.
Nothing is said in the pertinent provisions of the Vehicle and Traffic Law or in the regulations concerning the issuance of subpoenas or subpoenas duces tecum.
*610 It is not the province of this court to devise rules and regulations for proceedings in the Administrative Adjudication Bureau, which exists solely as a creation of statute with the formulation of its regulations specifically entrusted to the Commissioner of Motor Vehicles.
In illustration of the uniqueness of the bureau, the following is cited: In Matter of Rosenthal v Hartnett (36 NY2d 269, 273-274), in a case originating in the Administrative Adjudication Bureau, the Court of Appeals decided that the Legislature may constitutionally authorize administrative rather than judicial adjudication of traffic infractions and as an incident thereto establish "clear and convincing evidence” as the required quantum of proof for a determination of guilt rather than proof "beyond a reasonable doubt”. The court stated (p 273): "The wisdom of legislative enactment is a matter for the determination of the Legislature and not the courts.”
The State Administrative Procedure Act by subdivision 3 of section 101 specifically excludes from the ambit of its provisions an "administrative tribunal created by statute to hear or determine allegations of traffic infractions”. Other administrative agencies, however, do possess subpoena powers for witnesses and for the production of books, papers, etc., under subdivision 2 of section 304 of said act.
The petitioners, under the circumstances, must be left to any other approaches which may be available for gathering information for use on the hearings. The court does not feel that it is incumbent upon it to render advice in such regard.
Petitioners claim that respondent has not provided a certified transcript of the record of proceedings under consideration. The very brief record of proceedings was, nevertheless, supplied by petitioners themselves through recitation of their requests for subpoena issuance and by providing copies of correspondence. Respondents do not challenge this record, and it may be deemed to be certified.
The lack of submission by respondents of an affidavit showing evidentiary facts, as mentioned in CPLR 7804 (subd [e]) is of no relevance since they are not requesting a trial of any issue of fact.
As to petitioners’ request for the filing of supporting depositions of complaining police officers, again, there is no provision for this procedure in the Vehicle and Trafile Law or the commissioner’s regulations.
*611 The petitions are dismissed. Stay denied.