■ In the Matter of ANDREW S. MILLER, Respondent, v MARTIN E. SCHWARTZ, Appellant, et al., Respondents.—In a proceeding pursuant to CPLR 78, *inter alia*, to compel the disclosure to the petitioner of certain documents prior to his hearing before the Traffic Violation Bureau of Suffolk County, Martin E. Schwartz, Senior Administrative Law Judge, appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated July 9, 1985, as, upon converting the proceeding into a declaratory judgment action, declared that 15 NYCRR 123.1 is unconstitutional as applied to the petitioner, and directed that the petitioner be afforded reasonable discovery pursuant to the CPLR.

Ordered that the judgment is reversed insofar as appealed from, without costs or disbursements, and it is declared that 15 NYCRR 123.1 is not unconstitutional as applied to the petitioner.

On October 15, 1984, the petitioner was issued a summons for driving 44 miles per hour in a 30 miles per hour zone. This was the petitioner's third speeding offense within an 18-month period, and if found guilty, he faced suspension or revocation of his driver's license (Vehicle and Traffic Law § 510).

In order to better prepare his defense, the petitioner sought disclosure of documents and information concerning the radar used by the police to clock his speed. The Traffic Violation Bureau denied the petitioner's discovery request on the ground that: "The rules and regulations of the Division of Administrative Adjudication make no provision for a subpoena duces tecum or the use of a 'Bill of Particulars/Supporting Deposition' ".

Pursuant to 15 NYCRR 123.1: "The Civil Practice Law and Rules and Criminal Procedure Law are not binding on the [traffic Violation] bureau. Accordingly, forms of pleadings, motion practice and discovery procedures set forth in those statutes do not apply to any proceedings conducted by this bureau unless specifically authorized by these regulations".

The petitioner then commenced this proceeding, *inter alia*, for an order directing the Traffic Violation Bureau to afford him reasonable discovery. He alleged that the regulations governing administrative adjudications at the Traffic Violation

Bureau violated his procedural due process rights to a fair hearing.

Special Term converted the proceeding into an action for a declaratory judgment (CPLR 103 [c]), and thereupon went on to address the merits of the petitioner's contentions. The court noted that an individual's driver's license may not be taken away without due process *(see, Bell v Burson,* 402 US 535; *Matter of Horodner v Fisher,* 38 NY2d 680, *appeal dismissed* 429 US 802), and held that, under the circumstances of this case, the denial of the petitioner's discovery requests deprived him of his right to a fair hearing. Accordingly, Special Term held 15 NYCRR 123.1 unconstitutional as applied to the petitioner. We reverse.

The Court of Appeals has found "no constitutional infirmity" in "the substitution in the adjudication of traffic infractions of an administrative agency and administrative procedures for courts of criminal jurisdiction and judicial procedures" *(Matter of Rosenthal v Hartnett,* 36 NY2d 269, 272, 274; *see also, Matter of Sulli v Appeals Bd. of Admin. Adjudication Bur.,* 55 AD2d 457).

Therefore, Special Term erred in rewriting the regulations to suit the facts of the petitioner's case. Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.