THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MICHAEL A. RUSSO, Appellant.

Second Department, August 28, 1989

**APPEARANCES OF COUNSEL**

*Louis J. Galgano, III,* for appellant.

*E. Thomas Boyle, County Attorney (Richard P. Murad* of counsel), for respondent.

**OPINION OF THE COURT**

BALLETTA, J.

A defendant charged with a violation of Vehicle and Traffic Law § 1180 (b) is entitled to the issuance of a properly worded judicial subpoena duces tecum under CPLR 2307 requiring the production of relevant records at the hearing before the Traffic Violations Bureau.

The facts in this case are easily stated. On July 27, 1987, in the Town of Brookhaven, the defendant was stopped for speeding on the Long Island Expressway by Suffolk County Police Officer J. Farrell. Officer Farrell issued a summons to the defendant setting forth a violation of Vehicle and Traffic Law § 1180 (b). Specifically, the defendant was allegedly driving 71 miles per hour in a 55-miles-per-hour zone. The defendant pleaded not guilty on the same day by completing the form included on the back of the summons, thereby automati-

cally becoming entitled to a hearing before the Suffolk County Traffic Violations Bureau.

Prior to the date set for the hearing, the defendant moved pursuant to CPLR 2307 (a) in the Supreme Court, Suffolk County, for the issuance of a judicial subpoena duces tecum. The proposed subpoena required the Suffolk County Police Department to produce at the hearing "a certain radar or other speed detection device together with all books, manuals, records and documents pertaining to the ownership, operation and maintenance of said radar or other speed detection device, now in your custody, and all other deeds, evidences and writing which you have in your custody or power, concerning the premises".

On February 2, 1988, the Supreme Court denied the defendant's motion, relying upon 15 NYCRR 123.1, which provides that the CPLR generally is not binding on the Traffic Violations Bureau, and this court's opinion in *Matter of Miller v Schwartz* (128 AD2d 783, *affd* 72 NY2d 869). We disagree with the Supreme Court's reasoning and remit this matter for issuance of a subpoena in accordance herewith.

Initially, we reject the defendant's contention that the Sixth Amendment right to the effective assistance of counsel requires the issuance of the subpoena in this case. Although a defendant charged with a traffic infraction is entitled to be represented by counsel if he so desires (15 NYCRR 124.2), there is no Sixth Amendment right to counsel in such a case. A traffic infraction, such as the speeding violation under Vehicle and Traffic Law § 1180 at issue here, is not a crime, and any resultant penalty cannot be deemed for any purposes a penal or criminal punishment (Vehicle and Traffic Law § 155). For this reason, even before the enactment of Vehicle and Traffic Law article 2-A, which provides in certain cases, including the instant one, for the administrative adjudication of traffic infractions, no right to counsel had been recognized in this State as being constitutionally mandated for those accused of traffic infractions *(see, People v Phinney,* 22 NY2d 288, 290; *People v Letterio,* 16 NY2d 307, 311-312, *cert denied* 384 US 911, *mot to amend remittitur granted sub nom. People v Kohler,* 17 NY2d 914).

In 1969, the State Legislature enacted Vehicle and Traffic Law article 2-A which authorized the administrative adjudication of traffic violations for certain areas of the State. The legislative history of the statute reveals that a principal

objective was the "speedy and equitable disposition" of traffic violation charges by using an administrative procedure, thus freeing the criminal courts to handle more serious matters (L 1969, ch 1074, § 1). In relegating traffic violations to the administrative process, the Legislature explicitly specified that imprisonment was *not* a penalty which could be imposed in such cases (Vehicle and Traffic Law § 227 [3]; *see also,* 15 NYCRR 124.7). The statutory scheme as a whole has been found constitutional *(see, Matter of Rosenthal v Hartnett,* 36 NY2d 269, 273-274).

It is therefore readily apparent that the right to counsel does not attach in these proceedings, since, as the People correctly observe, that right arises only in criminal prosecutions (US Const 6th, 14th Amends) where a defendant's personal liberty is at stake: "The pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation * * * it is the defendant's interest in personal freedom, and not simply the special Sixth and Fourteenth Amendments right to counsel in criminal cases, which triggers the right to appointed counsel" *(Lassiter v Department of Social Servs.,* 452 US 18, 25).

In *People v Farinaro* (36 NY2d 283), it was held that the defendants, who no longer faced the possibility of imprisonment following their convictions of various traffic infractions, were not entitled to assigned counsel on appeal, the court stating broadly:

*"Argersinger* v. *Hamlin* (407 U.S. 25), a case holding, in effect, that there is a constitutional right to counsel at a criminal trial where conviction would lead to a sentence of imprisonment, is inapposite to an appeal of a conviction for a traffic infraction where defendant no longer faces the possibility of imprisonment.

"There is no statutory right to the assignment of counsel in traffic infraction prosecutions (County Law, § 722-a; CPL 170.10, subd. 3, par. [c]). And this court has held that the State Constitution does not require assignment of counsel in such prosecutions *(People* v. *Letterio,* 16 N Y 2d 307). A fortiori, there would be no right to the assignment of counsel on appeal" *(People v Farinaro, supra,* at 285; *see also, People v Ross,* 67 NY2d 321, 325).

Since the defendant does not have a constitutional right to

the representation of counsel on the traffic infraction charge, it cannot be said that the denial of the subpoena violated his Sixth Amendment rights. Thus, if the defendant is to be entitled to the issuance of the subpoena, it must be upon some other basis.

■ That other basis can be found in CPLR 2307, which applies in criminal proceedings *(see,* CPL 610.20). CPLR 2307 (a) provides, in part, that a subpoena duces tecum addressed to a "department or bureau of a municipal corporation or of the state, or an officer thereof" must be issued by a Justice of the Supreme Court in the district where the desired materials are located.

Pursuant to the statutory authority invested in him by Vehicle and Traffic Law § 215 (a), the Commissioner of Motor Vehicles has enacted regulations governing proceedings by the Traffic Violations Bureau (15 NYCRR part 123). Those regulations provide in part: *"The Civil Practice Law and Rules and Criminal Procedure Law are not binding on this bureau.* Accordingly, forms of pleadings, motion practice and discovery procedures set forth in those statutes *do not apply* to any proceedings conducted by this bureau *unless specifically authorized by these regulations"* (15 NYCRR 123.1 [emphasis supplied]).

The People contend that the above regulation totally bars the defendant's use of CPLR 2307 to obtain a judicial subpoena in this case. They would read the regulation in its broadest possible sense to effectively deny the applicability of any portion of the CPLR to proceedings before the Traffic Violations Bureau. The defendant, however, contends that there is simply nothing in the above regulations that detracts from—or even addresses—the court's power to issue a subpoena under CPLR 2307.

The defendant's point that 15 NYCRR 123.1 cannot be read to invalidate every provision of the CPLR, or even of the CPL for that matter, is well taken, especially when one considers that the subpoena power invoked herein does not in any way infringe upon the Traffic Violations Bureau. It does not regulate or otherwise interfere with the proceedings of the Bureau, nor does it direct the Bureau to act or refrain from acting in a particular way.

Thus, the instant case is clearly distinguishable from that of *Matter of Baumann v Administration Adjudication Bur.* (100 Misc 2d 608), where the court dismissed a proceeding in the

nature of mandamus to compel the Bureau to issue a sub-poena duces tecum. Unlike the application in *Baumann,* the instant application pursuant to CPLR 2307 does not request anything of the Bureau, nor does it have the effect of super-seding or supplanting the regulations governing the hearing.

It is one thing to say that the CPLR and the CPL are not "binding" on the Traffic Violations Bureau, but it is quite another to say that the Bureau, through its regulations, can make any part of those statutes not binding on the court, or can invalidate the court's power to act thereunder. The mere fact that the Legislature specifically authorized the Commis-sioner, or his Hearing Officer, to issue a subpoena in some instances *(see, e.g.,* Vehicle and Traffic Law § 237 [4]; § 394 [6]), ·cannot negate the authority of the courts to issue a subpoena pursuant to CPLR 2307. As provided in CPLR 101, the CPLR is the governing procedure "in all courts * * * except where the procedure is regulated by inconsistent statute".

Contrary to the People's contention therefore, the defendant is not barred from seeking the issuance of a properly worded subpoena directing the production of materials at the hearing because there is nothing in either the Vehicle and Traffic Law or the regulations promulgated thereunder which would pro-hibit it.

The case of *Matter of Miller v Schwartz* (128 AD2d 783, *affd* 72 NY2d 869, *supra),* relied upon by the Supreme Court and by the People, is distinguishable from the case at bar and does not prevent the granting of the relief that the defendant seeks. The petitioner in *Miller* had also been charged with speeding, and in order to better prepare his defense, sought disclosure prior to the hearing of information concerning the operations of the radar equipment which had been used to check his speed, information which was essentially the same type as that sought herein. After that request for discovery was rejected by the Traffic Violations Bureau, the petitioner commenced a CPLR article 78 proceeding to compel its disclo-sure. The Supreme Court, Suffolk County, after converting the action to one for a declaratory judgment, found 15 NYCRR 123.1, cited above, to be unconstitutional *(Matter of Miller v Schwartz,* 128 AD2d 783, *supra).* This court reversed finding " 'no constitutional infirmity' " in the administrative process and further finding that "Special Term erred in rewriting the regulations to suit the facts of the petitioner's case" *(Matter of Miller v Schwartz, supra,* at 784). The Court of Appeals

subsequently affirmed *(Matter of Miller v Schwartz,* 72 NY2d 869, *supra).*

The defendant herein argues that the *Miller* case *(supra)* concerned itself only with pretrial discovery (which is in fact specifically prohibited by the regulations), but has nothing to do with the production of evidence at the hearing itself pursuant to a judicial subpoena. In addition, the defendant argues that his right to confrontation compels the issuance of the requested subpoena.

There is some support in the case law for the latter argument. In *Matter of Hecht v Monaghan* (307 NY 461, 470), it was stated: "The hearing held by an administrative tribunal acting in a judicial or quasi-judicial capacity may be more or less informal. Technical legal rules of evidence and procedure may be disregarded. Nevertheless, no essential element of a fair trial can be dispensed with unless waived. That means, among other things, that the party whose rights are being determined must be fully apprised of the claims of the opposing party and of the evidence to be considered, and must be given the opportunity to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal (see *Matter of Friedel* v. *Board of Regents,* 296 N. Y. 347, 352-353; *Matter of Heaney* v. *McGoldrick,* 286 N. Y. 38, 45; *People ex rel. Hirschberg* v. *Board of Supervisors,* 251 N. Y. 156, 172; *Matter of Greenebaum* v. *Bingham,* 201 N. Y. 343, 347; *Morgan* v. *United States,* 304 U. S. 1, 18-19; *West Ohio Gas Co.* v. *Commission [No. 1],* 294 U. S. 63, 70-71; *Lloyd Sabaudo Societa* v. *Elting,* 287 U. S. 329, 339-340; *Kwock Jan Fat* v. *White,* 253 U. S. 454, 463-464; *Interstate Commerce Comm.* v. *Louisville & Nashville R. R.,* 227 U. S. 88, 93-94)" *(see also, Matter of Harper,* 41 AD2d 975, 976; 1979 Opns Atty Gen 58, 60).

The People argue, however, that the affirmance of this court's decision in the *Miller* case *(supra)* by the Court of Appeals has put to rest the defendant's arguments. They contend that by upholding the Commissioner's regulatory scheme, despite the petitioner's claim in *Miller* that without the discovery he would be unable to effectively cross-examine witnesses, there is no distinction between *Miller* and the defendant's complaint of denial of confrontation in the instant situation. They also contend that there is no difference between a subpoena requiring the production of materials at the hearing itself and a subpoena seeking pretrial disclosure, and that the *Miller* case clearly bars both. These contentions are incorrect.

In *Miller,* the Court of Appeals was concerned solely with the discovery phase of the case and based its determination on the ground that the petitioner therein was not entitled to such pretrial discovery, stating: "Petitioner then commenced this article 78 proceeding to compel reasonable discovery relating to this radar device and claiming that 15 NYCRR 123.1 unconstitutionally deprived him of due process of law because without it he would be unable to conduct effective cross-examination. It is settled, however, that there is no general constitutional right to discovery in criminal cases *(see, Weatherford v Bursey,* 429 US 545, 549) or administrative proceedings *(see, National Labor Relations Bd. v Interboro Contrs.,* 432 F2d 854, 857-858, *cert denied* 402 US 915). Such matters are regulated by statute or rule and since petitioner had no statutory or regulatory right to pretrial discovery here, his request was properly denied" *(Matter of Miller v Schwartz,* 72 NY2d 869, 870, *supra).*

Pretrial discovery is not sought here. Rather, the defendant has sought a subpoena duces tecum, to which he plainly has a statutory right under CPLR 2307, for the mere production at the hearing itself, not beforehand, of the very item upon which the People rely in bringing the instant charges of speeding. As such, the defendant's request is not governed by the Traffic Violations Bureau or its regulations. Unlike the situation in *Miller,* the Bureau in this case is not being requested to do anything it has not been authorized by regulation or statute to do.

Of course, it must be noted that the defendant is entitled to subpoena materials only to the extent that they will enable him to conduct meaningful cross-examination at his hearing before the Bureau. Accordingly, if the People rely upon radar evidence to establish the alleged excessive speed of the defendant's vehicle, then the defendant will be entitled to receive those records, if any, which document the maintenance and testing of the radar device. However, such materials should only be turned over immediately prior to the commencement of cross-examination, inasmuch as premature surrender poses the risk that the narrow subpoena power involved in this case may be improperly employed for the purpose of obtaining unauthorized discovery in hearings before the Bureau *(see generally, Matter of Miller v Schwartz,* 128 AD2d 783, *affd* 72 NY2d 869, *supra).*

In short, there is nothing in the Vehicle and Traffic Law, the regulations issued thereunder, or in the *Miller* case *(su-*

*pra),* which would prohibit the issuance of a judicial subpoena duces tecum in this case. However, in our opinion the proposed subpoena submitted herein is overly broad. Consequently, we remit the matter to the Supreme Court, Suffolk County, for the issuance of an appropriately worded subpoena pursuant to CPLR 2307.

SPATT, J. P., SULLIVAN and HARWOOD, JJ., concur.

Ordered that the order is reversed, without costs or disbursements, the motion is granted and the matter is remitted to the Supreme Court, Suffolk County, for issuance of a subpoena duces tecum in accordance herewith.