*473 OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law, motion to dismiss granted and fine and surcharge remitted.
The sole issue raised on the appeal is the denial upon reargument of defendant’s motion to dismiss the simplified traffic information on the ground that he was not timely served with a supporting deposition.
Defendant was arraigned on December 30, 1988, and requested a supporting deposition in a letter dated January 20, 1989, and received by the clerk of the court on January 23, 1989. In a motion returnable March 15, 1989, defendant moved to dismiss the simplified traffic information on the ground that the People had not complied with his request. Defendant’s motion was originally granted but, upon reargument, was denied. In denying the motion, the court below held that the request for a supporting deposition "must be made in open court or by motion ex parte or on notice or by submission of an order for the Judge’s signature.” (People v Thumser, 144 Misc 2d 425, 429.)
This court has previously indicated that CPL 100.25 does not require service of a request for a supporting deposition upon the District Attorney, but rather places the responsibility upon the court to forward the request (see, People v Rubens, NYLJ, Feb. 16, 1990, at 26, col 4 [App Term, 9th and 10th Jud Dists]; contra, People v Schlosser, 129 Misc 2d 690). We now hold that a letter request directed to the clerk of the court is sufficient to trigger the requirements of CPL 100.25.
The Uniform Rules for Trial Courts provide as follows: "All papers for signature or consideration of the court shall be presented to the clerk of the trial court in the appropriate courtroom or clerk’s office, except that where the clerk is unavailable or the judge so directs, papers may be submitted to the judge and a copy filed with the clerk at the first available opportunity. All papers for any judge that are filed in the clerk’s office shall be promptly delivered to the judge by the clerk.” (22 NYCRR 200.4.) In view of this, it is unnecessary to make the request of the Judge directly. Moreover, the use of the word "request” rather than "motion” in the statute indicates that the Legislature contemplated an informal application. Since it is undisputed that the People failed to supply *474 the supporting deposition within 30 days of defendant’s request therefor, his motion to dismiss should have been granted (CPL 100.40 [2]; People v Aucello, 146 Misc 2d 417 [App Term, 9th and 10th Jud Dists]).
DiPaola, P. J., Stark and Collins, JJ., concur.