OPINION OF THE COURT
Stephen R. Taub, J.
On February 23, 1989, at approximately 10:00 A.M., the defendant received a simplified traffic information charging him with violating Vehicle and Trafile Law § 1180 (d), alleging that he was speeding at a rate of 42 miles per hour in a 25-mile-per-hour zone within the Village of Kensington.
The facts are not in dispute. On or about March 1, 1989, the defendant mailed uniform traffic ticket No. TK7001105 to the court, with part "B” completed, thereby entering his plea of "not guilty”. He checked the box on the ticket indicating his request for a supporting deposition. On or about April 14, 1989, a supporting deposition was served upon the defendant. Neither the simplified traffic information nor the supporting deposition indicated that radar was used to determine defendant’s speed.
On or about January 3, 1990, defendant filed a motion for dismissal on two grounds: that the supporting deposition was not served within 30 days of the demand for same, and that the failure to inform defendant that radar was used to measure his speed rendered the supporting deposition defective, thereby rendering the simplified traffic information fatally defective. The motion is opposed by the village prosecuting attorney.
FAILURE TO TIMELY SERVE A SUPPORTING DEPOSITION
CPL 100.25 (2) states: "Upon such a request [for a supporting deposition], the court must order the complainant police officer or public servant to serve a copy of such supporting deposition upon the defendant or his attorney, within thirty days of the date such request is received by the court” (emphasis added).
This court held defendant’s motion in abeyance to await a determination by the Appellate Term in the matter of People v Thumser (148 Misc 2d 472). Although the Thumser decision is helpful, it appears to be intended for "local criminal courts”, with or without multiple parts, which sit on a daily or weekly basis. As the Village Court of Kensington is in session only one evening per month, this court cannot function in the *432 same manner as a court which sits more frequently. In Thumser, the Appellate Term, relying upon 22 NYCRR 200.4, concluded that delivery of a demand for a supporting deposition to the clerk is the equivalent of delivery to the court, as it assumed such demand would be (or could be) delivered forthwith to the Judge (or a Judge). Such assumption is erroneous for a court sitting only once a month.
This court takes judicial notice of the fact that its March 1989 session was held on Monday, March 20, 1989. The court believes that the Legislature intentionally required that "the court must order” the supporting deposition to be served and filed within 30 days of the demand. If the Legislature merely intended the 30-day period to run from receipt of the request by a clerk or other nonjudicial employee, without court involvement, it could have so stated without requiring the court to order compliance. Although it is understood that Thumser (supra) rejected the need for a formal application or a formal order, the Legislature clearly intended that compliance be ordered by the court, not merely requested by the defendant. Consequently, since the supporting deposition was received by the defendant within 30 days of the March 20, 1989 session of the Village Court of Kensington, the first opportunity that this court had to order compliance, I hold that the requirements of CPL 100.25 (2) were met and that service was timely.
In People v Aucello (146 Misc 2d 417 [1990]) the Appellate Term held that failure to comply with the requirements of CPL 100.25 (2) is a jurisdictional, unamendable and fatal defect which cannot be cured by allowing additional time for compliance, or by commencement of a new prosecution on new pleadings. It is noteworthy, however, that the motions in both Aucello and Thumser (supra) were made prior to the service of any supporting deposition. In the matter before this court, while the supporting deposition was served approximately 44 days after the demand, it was served some nine months prior to the making of the motion. No prejudice has been alleged by the defendant, nor can this court conceive of how he was prejudiced by receiving the supporting deposition nine months prior to his motion. No cases have been found involving that specific issue, and this court now holds that, in the absence of prejudice, service of a supporting deposition within 30 days of the session of court immediately following receipt of the demand is timely.
*433 FAILURE TO DISCLOSE USE OF RADAR
The defendant also seeks dismissal on the grounds that the prosecutor failed to disclose the use of radar to determine the defendant’s speed. The defendant reasons that the failure of the supporting deposition to contain that information renders it defective and that a defective supporting deposition renders the simplified traffic information fatally defective and subject to dismissal pursuant to CPL 100.40 (2).
There is no general right of discovery in connection with vehicle and traffic violations (Matter of Miller v Schwartz, 72 NY2d 869 [1988]). Were the defendant demanding discovery, the motion would be summarily denied. However, this is not the relief sought. Essentially, defendant asserts that he cannot adequately prepare for trial without knowing if the People intend to offer expert opinion, radar results or other means of determining speed. The court agrees. It would be extremely unfair and violative of due process for a defendant in a criminal or quasi-criminal proceeding to be required to proceed to trial completely in the dark. A defendant charged with a traffic offense is entitled to neither discovery pursuant to CPL 240.20, nor a bill of particulars pursuant to CPL 200.95. Rather, the Legislature has determined that a supporting deposition pursuant to CPL 100.25 is the only disclosure allowed. This court believes that a defendant should be informed as to the manner in which the People intend to establish his speed, either by the simplified traffic information itself, or the supporting deposition. This is necessary to permit the defendant to prepare to meet the proof to be presented by the People and subpoena appropriate records if he be so inclined (People v Russo, 149 AD2d 255 [2d Dept 1989]).
Having so decided, the court must now determine how to deal with the failure to disclose the use of radar. The only similar case the court has found is People v Cohen (131 Misc 2d 898 [1982]) where the City Court of Yonkers determined that failure to disclose the use of radar required dismissal. This court respectfully disagrees with that learned Judge, and feels that less extreme relief is more appropriate.
Where a prosecutor has served a bill of particulars or provided other written disclosure, and attempts at trial to vary his proof, the trial court has the discretion to preclude such additional or different evidence to avoid prejudice. This court feels that a supporting deposition, being the only form of discovery permitted, should be similarly enforced and that *434 preclusion, rather than dismissal, is the appropriate remedy. Therefore, defendant’s motion to dismiss is denied; however, upon the trial of this matter, the People shall be precluded from offering any testimony, documentation or other evidence concerning the use of radar or any other speed measuring device.
The court notes that this ruling does not necessarily conclude this matter, as a speeding conviction can be obtained upon the opinion evidence of a properly trained police officer (People v Olsen, 22 NY2d 230 [1968]). The prosecutor would be well advised to reevaluate his proof in view of the foregoing, and determine whether or not to proceed to trial.