OPINION OF THE COURT
Salvatore A. Alamia, J.
Defendant, charged in simplified environmental conservation informations with violations of the Environmental Conservation Law and the regulations promulgated thereunder (ECL 27-1505 [3], [5]; 6 NYCRR 364.2), seeks either dismissal of the simplified informations due to the failure of the People to furnish him with a bill of particulars despite his demand, or alternative relief.
The file markings reflect defendant pleaded not guilty on January 12, 1994. He made his request for a bill of particulars more than one year later, on February 15, 1995. A defendant is not entitled to a bill of particulars when the underlying accusatory instrument is a simplified information (see, CPL 100.45 [4]). The defendant herein is not entitled to a bill of particulars, since the prosecution against him is based only on simplified environmental informations. Consequently, the failure of the People to furnish him with a bill of particulars cannot be the basis for either dismissal of the prosecution or a directive to the People to furnish him with the demanded particulars, the latter request constituting one of the items of alternative relief defendant seeks.
The second, and final, item of alternative relief sought by defendant is a supporting deposition (see, CPL 100.25 [2]). Even if the defense request for a bill of particulars were deemed a request for a supporting deposition, defendant did not make his request for a deposition in timely fashion. A supporting deposition must be requested within 30 days either of a not guilty plea when the arraignment is in person, or of a written notice of entitlement to a deposition when a defendant pleads not guilty by mail (CPL 100.25 [2]). As noted earlier, defendant *56 pleaded not guilty on January 12, 1994, according to the file markings, but he did not serve his request until February 15, 1995, more than one year later and far in excess of the 30-day period specified in CPL 100.25 (2) for the making of a request for a supporting deposition. The issue becomes, then, whether a defendant has the right to, or may obtain, a supporting deposition when the request is late.
A legislative intent to ensure against prolonged pretrial proceedings emerges from the juxtaposition of the bill of particulars, discovery, and supporting depositions sections of the Criminal Procedure Law, as they apply to those situations in which the underlying accusatory instrument is a simplified information and the only charges are violations or infractions. Neither the bill of particulars request, as noted earlier, nor the discovery demand is available (see, CPL 100.45 [4]; 240.20 [1]; see also, People v McGettrick, 139 Misc 2d 403). The supporting deposition is, in effect, the only discovery device open to a defendant; and, given the relatively minor nature of the offenses involved, the Legislature requires that the accused avail himself of it promptly (see, CPL 100.25 [2]). Indeed, the Court of Appeals has recognized that a defendant is entitled to a supporting deposition only when the request is timely. Failure to make a timely request is a waiver of the right to a supporting deposition, and in the event of such a failure a prosecution can go to trial on the simplified information alone, without a supporting deposition (see, People v Nuccio, 78 NY2d 102, 104). Comparison of the supporting deposition sections of the Criminal Procedure Law with those concerning requests for bills of particulars, demands for discovery, and pretrial motions offers further indication that the Legislature did not intend to permit extensions of the time to request a supporting deposition. In each of these situations, save that of the supporting deposition, the Legislature expressly authorized a court to direct the furnishing of particulars, the disclosure demanded, or the making of the pretrial motion, despite untimeliness, if the request, demand, or motion could not have been made in timely fashion (see, CPL 200.95 [3]; 240.80 [1]; 255.20 [3]). However, it is silent about late requests for supporting depositions (CPL 100.25 [2]). Since the Legislature acted to permit extensions of time in the other contexts, its silence here reflects a considered decision against allowing late requests for supporting depositions. A final consideration on this point is the rule that failure of the prosecution to strictly comply with the 30-day time limit in which the supporting deposition must be served (see, CPL 100.25 [2]), following a demand made on time, mandates dis *57 missal of the simplified information (see, People v Thumser, 148 Misc 2d 472 [App Term, 2d Dept]). Fairness requires that defendants file their requests for depositions in timely fashion as well.
The court is persuaded, then, that a defendant, charged with a violation in a simplified information, does not have the right to a supporting deposition when he does not make a timely demand for one and that the court is without power to direct service of a deposition when the request is made late.
Treating the defendant’s request for a bill of particulars as a request for a supporting deposition, the court finds that because the request was not made in timely fashion, that portion of the instant motion in which a supporting deposition is sought is also denied.
Accordingly, this motion is denied in all respects.