*888 OPINION OF THE COURT
Samuel M. Levine, J.
Defendant moved orally at a hearing on his driving privileges before this court on January 26, 1998 and in writing by notice of motion dated and served February 9, 1998 for the following relief: dismiss the accusatory instrument (a simplified traffic information dated and served on defendant December 9, 1997) pursuant to CPL 100.25, or in the alternative, that defendant’s driving privileges be immediately restored; or such other and further relief as this court may deem just and proper.
CASE HISTORY
On December 9, 1997, the defendant was charged by a New York State Trooper with violating Vehicle and Traffic Law § 1192 (2) and (3) (driving while intoxicated [DWI]), as well as Vehicle and Traffic Law § 1128 (a) (unsafe lane change). Defendant was operating his 1996 Buick car on the Meadowbrook State Parkway near Old Country Road, Town of North Hemp-stead, County of Nassau, at about 1:00 a.m. The State Trooper administered an intoxilyzer test. A blood alcohol content (BAG) reading of .15 is alleged.
The defendant was then issued two simplified traffic informations (STI) (LA984566, LA984567) for the DWI and unsafe lane change offenses.
The simplified traffic informations were returnable in the District Court of Nassau County, Criminal Part, on January 22, 1998 at 9:00 a.m. (The Arraignment A Part was not designated on the STIs.) The return date arid defendant’s appearance in court was 44 days after the STIs were issued.
On December 16, 1997 (seven days after the STIs were served) the defendant’s attorney (the Law Offices of Thomas F. Liotti, Esq.) served a notice to produce and demand for a bill of particulars together with a covering letter entering a plea of not guilty and demanding “a copy of all supporting depositions”. The omnibus notice and demand included requests for documents, reports, police forms, witness information, etc., and “provide all written laboratory reports related to any and all urine and/or blood tests of the defendant”.
On January 22, 1998 the defendant was arraigned on the two STI charges before the Honorable George Peck. (The minutes of the arraignment are attached to defendant’s moving papers.) The arraignment minutes and court file indicate that there was no certified copy of the BAG (breathalyzer) test *889 report produced or attached to the accusatory instruments (consisting of the two STIs and a supporting deposition signed by Trooper Parris). The supporting deposition did contain “Chemical Test Information” about the breath test at BAG .15. (The defendant’s attorney did not receive a copy of the supporting deposition until the arraignment — 37 days after the demand for same.) The defendant’s attorney pointed out that the certified copy of the BAG was not attached or part of the accusatory instrument. He objected to any suspension of defendant’s driver’s license.
The court, however, did in fact suspend defendant’s driver’s license, presumably on the authority of Vehicle and Traffic Law § 1193 (2) (e) (7) (c). No other findings or decisions on any legal or factual issues were made at the arraignment. The defendant was released on his own recognizance. The court did however grant the defendant’s request for a “hardship hearing” for Monday, January 26, 1998.
On January 26,1998 the defendant and his counsel appeared before this Judge for a hearing on his driving privileges. (The case was assigned to me from our Trial Assignment Part 19.) The certified copy of the BAG report still was not submitted to the court or attached to the accusatory instrument at this hearing.
The oral motion to dismiss was made at the January 26, 1998 hearing. The court directed that the motion be submitted in writing pursuant to GPL 210.45.
Defendant further requested a Pringle hearing in addition to the hardship hearing. Defendant claimed that the Court of Appeals ruling in Pringle v Wolfe (88 NY2d 426) applies to this case. In the “Pringle Rule”, the New York State Court of Appeals held that a court may not order suspension of the license unless it has in its possession the results of the chemical test, and these results must be presented to the court in certified, documented form (see, CPLR 4518 [c]).
The defendant, at this hearing on January 26, 1998, sought to challenge the facial sufficiency of the accusatory instrument pursuant to GPL 100.40. He claimed that the certified copy of the BAG report was absolutely essential to the validity of the accusatory instrument.
The court reserved decision on the motion to dismiss and proceeded with a hardship hearing under Vehicle and Traffic Law § 1193 (2) (e) (7) (e). This court granted the application for a conditional driver’s license on the strength of the proven facts that supported a finding of “extreme hardship”.
*890 The credible evidence proven at the hearing adduced the following facts. Defendant was a high-ranking officer of an international banking corporation. As a senior vice-president he oversees over 60 people, including several vice-presidents and manages a function and operations that are important to the public. His driving privileges are necessary to get to work (in the New York City and Long Island offices) and to get to his medical treatment providers. This court made findings of fact on the record as to the lack of others on the job or in the household to provide optional transportation, the inability or extreme difficulty to obtain alternative means of public or private transportation, and other requirements and factors set forth in People v Bridgman (163 Misc 2d 818 [the minutes of the hearing of January 26, 1998 are attached to the moving papers]).
On March 2, March 10 and March 25, 1998, this court held further oral arguments on the issues presented in defendant’s motion to dismiss or restore driver’s privileges.
On March 10, 1998, at one of the aforesaid oral arguments, the District Attorney’s office filed with the court clerk (for the first time) a copy of the BAG report, certified pursuant to CPLR 4518 (c).
QUESTIONS OF LAW
Was the accusatory instrument facially and legally insufficient pursuant to GPL 100.15, 100.25 and 100.40? This court answers in the affirmative.
GPL 100.40 states:
“1. An information, or a count thereof, is sufficient on its face when:
“(a) It substantially conforms to the requirements prescribed in section 100.15; and
“(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
“(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.
“2. A simplified information is sufficient on its face when, as provided by subdivision one of section 100.25, it substantially *891 conforms to the requirement therefor prescribed by or pursuant to law; provided that when the filing of a supporting deposition is ordered by the court pursuant to subdivision two of said section 100.25, a failure of the complainant police officer or public servant to comply with such order within the time provided by subdivision two of said section 100.25 renders the simplified information insufficient on its face.”
CPL 100.40 must be read in conjunction with CPL 100.15 (3) which states, in relevant part, that: “Nothing contained in this section, however, limits or affects the requirement, prescribed in subdivision one of section 100.40, that in order for an information or a count thereof to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions.”
It cannot be disputed that the information in the case at bar is facially insufficient because the allegation that the defendant drove with a BAG of .15 is not supported “by non-hearsay allegations”. (CPL 100.15 [3].) As stated supra, nowhere do we find a certification for the BAG. The People have not timely provided an information which contains nonhearsay support for the allegation that the defendant’s BAG was .15 at the time of his arrest. The omission of nonhearsay allegations which establish every element of the offense, to wit: that the defendant’s BAG was .15 at the time of his arrest, constitutes a nonwaivable jurisdictional defect. (See, People v Alejandro, 70 NY2d 133 [1987]; Matter of David T., 75 NY2d 927 [1990].) An information must assert a prima facie case. (People v Alejandro, supra.)
The supporting deposition does not contain the required certification. The arresting officer is not a person qualified under CPLR 4518 to certify the accuracy of the allegations that the defendant has a BAG of .15 at the time of the arrest. Even assuming the officer is a “qualified employee” to certify the accuracy of the BAG, he did not supply the court or the defendant with a certification.
Under the CPLR, the CPL and New York case law, the failure of the People to provide the defendant and the court with a certification of the BAG results in their failure to present a prima facie case against the defendant. (See, Pringle v Wolfe, 88 NY2d 426, supra; People v Mertz, 68 NY2d 136 [1986]; CPLR 4518.)
*892 Should the accusatory instrument be dismissed because of a failure to timely serve a supporting deposition?
CPL 100.25 (2) states that once a defendant makes a demand for a supporting deposition: “the court must order the complainant police officer or public servant to serve a copy of such supporting deposition upon the defendant or his attorney, within thirty days of the date such request is received by the court, or at least five days before trial, whichever is earlier, and to file such supporting deposition with the court together with proof of service thereof.”
Pursuant to CPL 100.25 (2), a defendant is entitled to have a supporting deposition and certified BAG report provided to him on a simplified traffic information within 30 days of request, if the request is made by mail. Further, under CPL 100.40 (2) the “failure of the complainant police officer or public servant to comply with such order within the time provided by subdivision two of said section 100.25 renders the simplified information insufficient on its face”.
In the instant case, the defendant mailed his request for a supporting deposition and related documents, including the BAG certification, on December 16, 1997. On January 22, 1998, at the time of his arraignment, when more than 30 days had elapsed since the demand was made, the defendant was not provided with a certification. This court concludes that this court does not have jurisdiction over the Vehicle and Traffic Law § 1192 (2) or (3) charges and the only remedy available is to dismiss said charges because the People have not presented a prima facie case.
The People’s failure to strictly comply with the 30-day time limit in which a supporting deposition must be served mandates dismissal of the simplified information. (People v Malone, 166 Misc 2d 54 [Suffolk Dist Ct 1995]; People v Thumser, 148 Misc 2d 472 [App Term, 2d Dept 1990].) The Court of Appeals stated in People v Nuccio (78 NY2d 102, 104 [1991]) that: “If a timely request for a supporting deposition is made, the failure to supply one renders the simplified information insufficient on its face * * * and subjects it to dismissal upon motion”.
The court also concludes that the accusatory instrument should be dismissed pursuant to CPL 170.30, 170.35 and 170.40 (“Motion to dismiss”, etc). The court submits that “[t]here exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged”. (See, CPL 170.30 [1] [f].) Another ground for dismissal is in the further *893 anee of justice. (See, CPL 170.30 [1] [g]; 170.40.) The jurisdictional defect has been previously described. The defendant has already suffered the suspension of full driving privileges for over 90 days.
Is the defendant entitled to a restoration of his driving privileges?
The court concludes that the defendant’s driving privileges and driver’s license must be restored by the New York State Department of Motor Vehicles. The interests of justice require that result. The dismissal of the accusatory instrument dictates the restoration of his license.
This court has considered the request made by the People that this motion to dismiss or restore defendant’s driving privileges should be referred back to Judge Peck, who carried out the arraignment. The court disagrees and denies the request.
This is not a matter involving a motion to renew or reargue or reconsider. The questions and issues relating to the defendant’s driving privileges were properly referred to this court after arraignment. Judge Peck followed prevailing practice in our court to suspend licenses at arraignment of drivers charged with driving while intoxicated. This Judge has followed the same practice on numerous occasions while sitting in the same Arraignment A Part.
To my knowledge, Pringle hearing requests have not been made or presented at arraignments in the past. (This case may be one of first impression for our court.) As president of the Board of Judges, this Judge has become acutely aware of the legal, administrative, procedural and other problems, practical difficulties and impediments in carrying out arraignments, which may require hearings that result in findings of fact and conclusions of law. This problem is certainly present when issues develop or hearing requests are presented, with respect to the driving privileges of the defendant charged with driving while intoxicated or driving while ability is impaired (DWAI) and challenges made to jurisdiction or sufficiency of accusatory instruments.
On a recent Arraignment A assignment on Sunday, April 19, 1998, this court was confronted with the arraignment of 70 defendants who were arrested by the police in Nassau County between the hours of 12:00 p.m. on Saturday, April 18, 1998, and 12:00 p.m. on Sunday, April 19, 1998. (Three others came in on appearance tickets.) Thirty of those defendants were charged with DWI or DWAI (43% of the total arrests) (five were DWAI cases).
*894 No issue was raised or Pringle hearing requested by the Legal Aid attorneys or private counsel concerning the suspension of their client’s driver’s license or privilege, except for the routine demand for a hardship hearing pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) (e).
A common practice and procedure has developed in this court to have defendants represented at arraignments by lawyers furnished by the Nassau County Legal Aid Society. Rarely do retained, private counsel appear with their clients at arraignment.
Those 70 arraignments on April 19, 1998 took about seven hours to complete (between 9:00 a.m. and 5:00 p.m., with 60 minutes for lunch).
It would have been a practical impossibility to carry out Pringle or hardship hearings and make the necessary findings of fact and conclusions of law at the arraignment.
In all DWI and DWAI cases before me, this court asked for a statement by counsel regarding the issue of driving privileges. (See, Vehicle and Traffic Law § 1193 [2] [e] [7] [b].) In most cases (with two or three exceptions), certified blood-alcohol reports and readings were part of the accusatory instrument, together with the supporting deposition or Police Department information form. Only hardship hearings were requested and routinely granted. No hearing was held or findings made. This Judge followed the common practice in this court of referring these DWI cases to Trial Assignment Part 19 for the hearings in about three days, before a Trial Part Judge. I did, however, indicate on the record that I was making the hearing referral “for all issues relating to defendant’s driving privileges pursuant to VTL Section 1193, including hardship”. I did decide to suspend the defendant’s driver’s license in all DWI cases.
The large number of arrests for DWI or DWAI (43% on the weekend of Apr. 18-19, 1998) is indicative of the major health and public safety crisis that society faces today, with alcohol- and drug-related crimes, including DWI and DWAI.
This health and public safety crisis cannot be resolved or cured in the courtroom or by law enforcement personnel. Much more has to be done in a comprehensive campaign by all segments of society (public and private) to control and drastically diminish this extraordinary challenge to our health, safety and way of life.
The court notes the existence of guidelines prepared by our Law Department with respect to the findings of fact and conclu *895 sions of law that should be determined prior to the suspension of a driver’s license.
This court feels that changes in court rules or laws and statutes are needed to deal with the practice, procedure, and substantive law problems that are presented in these DWI and DWAI cases. They include the arraignment and hearing problems affecting a defendant’s driving privileges, discussed hereinabove.
The court has reviewed the excellent articles on the subjects of Suspension Pending Prosecution by Peter Gerstenzang and The Pringle Hearing: What is it and How is it Done? by Edward Fiandach, Esq., both published in the New York State Bar Association’s Criminal Justice Journal (vol 5, No. 2 [winter 1997]).
The court agrees that Pringle hearings should be held at the same time as the hardship hearing. They must of necessity be held after arraignment. The questions of fact and law as to the sufficiency of the accusatory instrument, or the legality of the arrest or the tests administered by the police, or other issues, must take place after arraignment — not at the arraignment.
The question as to the suspension of the defendant’s driving privileges must of necessity take place at a full hearing after arraignment. This court does not see any problem in deciding to grant a temporary suspension at arraignment under Vehicle and Traffic Law § 1193 (2) (e) (7) (c) and making a referral to a Trial Part as soon as possible to decide all other legal and factual issues relating to the suspension of the driving privileges or driver’s license, the sufficiency of the accusatory instrument and other postarraignment issues.
CONCLUSIONS OF LAW
(1) The accusatory instrument herein — the two simplified traffic informations and supporting deposition — should be dismissed.
(2) The defendant’s driving privileges and driver’s license should be restored by the New York State Department of Motor Vehicles.