Matter of Jewish Press, Inc. v New York City Police Dept. (2021 NY Slip Op 00119)





Matter of Jewish Press, Inc. v New York City Police Dept.


2021 NY Slip Op 00119


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Index No. 155280/19 Appeal No. 12855 Case No. 2020-03715 

[*1]In the Matter of The Jewish Press, Inc., Petitioner-Appellant,
v
New York City Police Department, Respondent-Respondent.


Aron Law PLLC, Brooklyn (Joseph H. Aron of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Philip W. Young of counsel), for respondent.



Judgment (denominated an order), Supreme Court, New York County (W. Franc Perry, J.), entered on or about August 26, 2020, which denied the petition seeking, among other things, to compel respondent to disclose certain records concerning a traffic accident pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), and granted respondent's cross motion to dismiss this proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the petition granted and the cross motion denied.
"All government records are presumptively open for public inspection unless specifically exempted from disclosure as provided in the Public Officers Law" (Matter of Fappiano v New York City Police Dept., 95 NY2d 738, 746 [2001]). An agency may withhold records sought pursuant to FOIL only if it "articulate[s] particularized and specific justification for not disclosing requested documents" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996] [internal quotation marks omitted]).
In an article 78 proceeding, judicial review of an agency's determination of a FOIL request is limited to whether it "'was affected by an error of law'" (Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y., 87 AD3d 506, 507 [1st Dept 2011], lv denied 18 NY3d 806 [2012], quoting CPLR 7803[3]). The only FOIL exemption at issue in this case applies to records that "are compiled for law enforcement purposes and which, if disclosed, would . . . interfere with . . . judicial proceedings" (Public Officers Law § 87[2][e][i]).
Preliminarily, we find that Traffic Violations Bureau (TVB) hearings are "judicial proceedings" (Public Officers Law § 87[2][e]). The TVB of the New York State Department of Motor Vehicles, an administrative agency that was legislatively created to adjudicate traffic violation charges for the purpose of reducing caseloads of courts in New York City (Vehicle and Traffic Law article 2-A; see Matter of Rosenthal v Hartnett, 36 NY2d 269, 271 [1975]). At a TVB hearing, the accused motorist has a right to be represented by counsel (15 NYCRR 124.2) and the administrative law judge presiding over the hearing must determine whether the police officer has established the charges by clear and convincing evidence (15 NYCRR 124.4[a], [d]). Although the CPL and the CPLR are generally "not binding on" TVB (15 NYCRR 123.1), it has been held that the motorist "is entitled to the issuance of a properly worded judicial subpoena duces tecum under CPLR 2307 requiring the production of relevant records" (People v Russo, 149 AD2d 255, 256 [2d Dept 1989]).
Pursuant to the statute, NYPD has a burden of showing a particularized justification for withholding the records at issue pursuant to the interference exemption. We find that under the specific facts presented here, NYPD failed to meet that burden. NYPD asserts that any release of documents would somehow tip the hand of the TVB's prosecuting [*2]attorney or prevent the prosecutor from testing the recollection of witnesses. Yet, NYPD concedes that these documents would be released to the motorist who would not be under any legal admonition not to release the documents to others. Additionally, the recollection of witnesses and the basis of their testimony would certainly be determined by questioning and cross examination at the hearing. Given this, we find that NYPD's blanket denial of document release fell short of meeting its admittedly low burden (see Matter of Lesher v Hynes, 19 NY3d 57, 67 [2012]; Matter of Whitley v New York County Dist. Attorney's Off., 101 AD3d 455, 455 [1st Dept 2012]).
We find no basis for awarding attorney's fees and costs to petitioner, (Public Officers Law § 89[4][c][ii]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021