OPINION OF THE COURT
Stephen D. Aronson, J.
What criteria should be considered in determining whether a person’s driver’s license should be suspended pending prose *819 cution for an offense charging that person with driving with .10 of 1% or more by weight of alcohol in his/her blood?
By law effective November 1, 1994, the New York State Legislature amended the provision for license suspensions pending prosecution of persons charged with alcohol-related charges. (Vehicle and Traffic Law § 1193 [2] [e], as amended by L 1994, ch 312.)
Prior to the amendment, Vehicle and Traffic Law § 1193 (2) (e) mandated that the courts suspend licenses pending prosecution of persons charged with an alcohol-related offense (driving while intoxicated, driving with .10 of 1% or more by weight of alcohol in the person’s blood, or driving while impaired by drugs) and either: (1) a violation of a felony under article 120 or 125 of the Penal Law arising out of the same incident, or (2) a person convicted of any violation under section 1192 of the Vehicle and Traffic Law within the preceding five years.
Chapter 312 expands court-mandated license suspensions, pending prosecution, to persons, which would include "first time offenders”, who are alleged to have had .10 of 1% or more by weight of alcohol in his/her blood, at the time of arrest. (Vehicle and Traffic Law § 1193 [2] [e] [7] [a].)
The new law provides that such suspensions shall occur no later than at the conclusion of all proceedings required for arraignment, or, if the test results are not available, as soon as practicable following receipt of the test results. (Vehicle and Traffic Law § 1193 [2] [e] [7] [b].)
Before imposing suspension, the court must find: (1) that the accusatory instrument conforms to the requirements of CPL 100.40; and, (2) there exists reasonable cause to believe that the holder operated a motor vehicle with .10 of 1% or more by weight of alcohol in his or her blood. (Vehicle and Traffic Law § 1193 [2] [e] [7] [b].)
Although chapter 312 mandates the suspension, the new law also permits the court to grant a hardship privilege, where license suspension will result in "extreme hardship”. (Vehicle and Traffic Law § 1193 [2] [e] [7] [e].) " '[E]xtreme hardship’ ” is defined, in pertinent part, as the inability to obtain alternative means of travel to and from employment, or to or from necessary medical treatment for the licensee or a member of the licensee’s household, or if the licensee is a matriculating student enrolled in an accredited school, where travel is necessary for completion of an educational degree or certificate. (Vehicle and Traffic Law § 1193 [2] [e] [7] [e].)
*820 The new law provides that the licensee bears the burden of proving "extreme hardship” by presenting material and relevant evidence; that a finding of "extreme hardship” may not be based solely upon the testimony of the licensee; and, that arraignment may not be adjourned or delayed more than three business days solely for the purpose of allowing the licensee to present evidence of "extreme hardship”. (Vehicle and Trafile Law § 1193 [2] [e] [7] [e].)
The new law requires the court to set forth the basis for its findings, on the record or in writing. (Vehicle and Traffic Law § 1193 [2] [e] [7] [e].)
Finally, the new law provides that the hardship privilege shall permit the operation of a vehicle only for travel to or from the licensee’s employment, or to or from necessary medical treatment, or travel to or from school. (Vehicle and Traffic Law § 1193 [2] [e] [7] [e].)
Therefore, a finding of "extreme hardship” is left to the discretion of the court. In determining whether the licensee has sustained his or her burden of proving an "extreme hardship”, i.e., the inability to obtain alternative means of travel, it is my view that the following factors should be considered: (1) the presence or absence of licensed persons present in the licensee’s household; (2) the ability of other licensed household members to provide transportation for the licensee; (3) the occupation and health condition of the licensee; (4) the proximity of the licensee’s place of employment, health care provider or school to his or her household; (5) the presence or absence of any public transportation or taxi service to or from the licensee’s household to the place of employment, health care provider or school; (6) a consideration of the licensee’s ability to afford public transportation or taxi service as an alternative means of transportation; (7) the presence or absence of co-workers, friends or family members who may assist in the licensee’s transportation; and, (8) any other factor that the court deems appropriate to the determination.
In this case, the accusatory instrument conforms to the requirements of CPL 100.40, and there exists reasonable cause to believe that he operated a motor vehicle with .10 of 1% or more by weight of alcohol in his blood as shown by a breathalyzer test.
The defendant is single, resides alone in an apartment in Geneva, New York, and has no family, friends or co-workers *821 living in an area proximate to him that could assist in transportation. The defendant works as a laborer for a construction company and is assigned to travel to worksites in various counties surrounding his home county. He also has separate employment working on a construction site in another county. Public transportation or taxi service is either unavailable or beyond his means to afford.
Under these circumstances, and considering the eight factors enumerated above, I conclude that the defendant has sustained his burden of proving an "extreme hardship” and he is hereby granted a hardship privilege to travel to and from his employment, pending prosecution.