OPINION OF THE COURT
Matthew A, Sciarrino, Jr., J.
The issue presented is whether a court has the power to issue a hardship license to an out-of-state driver, whose privilege to *775 drive in New York was suspended as a result of his DWI arrest. This court holds that it does have the authority and power to issue the hardship license.
The defendant, Timothy Reick, a New Jersey license holder, was charged with driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), and operating a motor vehicle while ability impaired (Vehicle and Traffic Law § 1192 [1]). His license was suspended at the arraignment pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) and he now moves the court to grant a hardship privilege pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) (e).
Hardship Privilege
On September 23, 2011, this court held a hardship hearing. This decision is a written confirmation of the oral decision issued that day.
While there are no published decisions dealing with the exact issue presented, there is some statutory precedent for out-of-state defendants being extended the same conditional driving privileges as a New York defendant. Vehicle and Traffic Law § 1196 (7) (a) provides that an out-of-state defendant may be issued a “conditional privilege of operating a motor vehicle in this state,” as long as the defendant participates in the drunk driver program.
However, this particular action is to be done at the discretion of the commissioner; the statute does not mention the court. (See id.) Additionally, the term used throughout this part of the statute is “holder of a license,” not “licensee.” (See id.) Thus, it does not directly answer any possible concerns about conditional privileges for “licensees” being extended to out-of-staters who have not been granted licenses by New York State.
In Pringle v Wolfe (88 NY2d 426 [1996]) the Court of Appeals recognized that the possibility of a hardship privilege was an important element of the prompt suspension law. The Court stated, “the severity of the license suspension is mitigated by its temporary duration, the availability of a conditional license and hardship relief, and the significant protection of a presuspension judicial hearing.” (Pringle at 435.) Although the Court only spoke in terms of “license suspension” and not “suspending operating privileges,” it still appears probable that any invocation of the prompt suspension law would, by extension, raise the possibility of hardship relief. {See id.)
*776 The Third Department has further held that the prompt suspension law (Vehicle and Traffic Law § 1193 [2] [e] [7]) does apply to out-of-state residents. (See Matter of Vanderminden v Tarantino, 60 AD3d 55 [2009].) Specifically, that court reasoned that, although the prompt suspension law does not specifically refer to an out-of-state licensee,
“[g]iven the comprehensive nature and remedial purpose of [New York’s drunk driving statutory scheme], ... we construe Vehicle and Traffic Law § 1193 (2) (e) (7) as authorizing a court to suspend the driving privileges of an out-of-state licensee under the same circumstances as would justify suspending a New York license.” (See id. at 58.)
These “same circumstances” should incorporate the factors that moderate the severity of a suspension pending prosecution, as discussed in Pringle, namely, the hardship privilege.
Accordingly, this court holds that it has the jurisdiction and the power to issue a hardship privilege to an out-of-state license holder, if the defendant can prove an extreme hardship.
The burden of showing the need for extreme hardship privilege is “placed squarely on the defendant.” {See People v Correa, 168 Misc 2d 309, 311 [1996].) Recognizing that an extreme hardship has been established is “left to the discretion of the court.” {See People v Bridgman, 163 Misc 2d 818, 820 [1995].) The court in Bridgman presented the following factors, among others, to be considered for hardship privilege cases: the occupation and health condition of the licensee, and the proximity of the licensee’s place of employment, health care provider or school to his or her household. {See id.) At the hearing, the defendant established an extreme hardship with respect to his commute from his home in New Jersey to his employment in Manhattan. Thus it is hereby ordered, that the defendant be granted a hardship privilege to drive to and from his place of employment, including sales calls, pending the prosecution of this case.