People v Derosa (2024 NY Slip Op 50928(U))

[*1]

People v Derosa

2024 NY Slip Op 50928(U)

Decided on July 16, 2024

Justice Court Of The Town Of Perinton, Monroe County 

Muldoon, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 16, 2024
Justice Court of the Town of Perinton, Monroe County 

People of the State of New York

against
A. Derosa

Docket No. 24060093 

Janna Jehlen for the Monroe County District Attorney Office
Tigan Woolson for the Monroe County Public Defender Office

Gary Muldoon, J.

The issue in this case involves the discretion of a judge in granting or denying an application for a hardship privilege to drive.
A defendant who is charged with drinking-driving offenses faces a choice with a chemical test: refusing the test results in losing one's license to drive for a year. Taking the test may result in providing potentially inculpatory evidence.
A defendant who decides to takes the test and blows higher than .08% BAC then faces license suspension or a hardship privilege. The Vehicle and Traffic Law provides that a judge "must issue such suspension, but may grant a hardship privilege" where the suspension will result in "extreme hardship." The statute explains that the term "extreme hardship" here means "the inability to obtain alternative means of travel to or from" employment, medical treatment, or education. VTL § 1193(2)(e)(7)(e). The burden is on the licensee.
Based on the statute's wording, the granting of a hardship privilege is within the judge's discretion. The statute's use of "may" indicates that it is discretionary, which is reinforced by the directive immediately before, that the judge "must issue" a suspension. The fact that what the court may or may not issue is termed a "privilege" only strengthens the conclusion that the issuance is discretionary. Thus, even when extreme hardship is shown, the statute allows but does not mandate a hardship privilege.
The statute sets forth what must be submitted to request a hardship privilege but does not provide other direction to a judge in whether to grant the application.
What is troubling in this case, far more than any hardship factor, are the underlying allegations. The defendant is charged with Aggravated DWI as well as common-law and per se DWI. Here, the allegation is that defendant blew a BAC of .28%. If established at trial, compared to the per se DWI threshold of .08%, that would make this defendant driving triple-drunk, so to speak, and then some. Other allegations in the accusatory instrument and supporting documents do not allay the court's concerns. Police were contacted by a concerned citizen who was frightened that the defendant was going to drive into the citizen's car in a parking lot. Defendant's vehicle was found with an empty single-shot bottle of alcohol on the driver's floor, with three more unopened bottles on the front seat. Another was found on defendant's person.
What then should a judge consider when deciding whether to grant or deny a hardship privilege? Caselaw from the earliest decision onward, People v Bridgman, 163 Misc 2d 818 (City Ct 1995), discusses hardship factors, but does not address what confronts the court here. In any case involving a hardship privilege, the factual record is little developed at this early stage. May a judge consider such things as defendant's driving record, other pending charges, or as here, the allegations of the particular charges? Given the significant discretion that the statute affords a judge, and also the representations by the defense in support of a hardship privilege, [*2]this court exercises its discretion in denying defendant's application.
Gary Muldoon
Town Justice
July 16, 2024